UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R&D FILM 1, LLC ) | |
| ) | |
|     Plaintiff, ) | Civil Case No. <u>13-00050</u> |
| ) | |
| v. ) | |
| ) | |
| DOES 1-46, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO JERRY AND WENDY MULDER'S MOTION TO QUASH SUBPOENA**

COMES NOW, Plaintiff, R&D Film, 1, LLC. by and through undersigned counsel, respectfully requests the Court deny Jerry and Wendy Mulder's Motion to squash subpoena directed at an Internet Service Provider (ISP) for the reasons argued below.

**I.     INTRODUCTION**

In the ever changing and evolving digital age that we live in, copyright infringement continues to be a problem and is on the rise nationwide.[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in the Western District of Washington and

---

[1] See Google Tackles Piracy By Removing Millions of URLS http://news.cnet.com/8301-1023_3-57441333-93/google-tackles-piracy-by-removing-millions-of-urls/#postComments and Google Transparency Report http://www.google.com/transparencyreport/removals/copyright/

1

has no option but to file suit to prevent the further widespread theft of its copyright "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[2] .

Other Federal Circuit courts have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." As recent as **4/11/2013**, in an almost identical case to the case at bar, Judge Hammer of the U.S. District Court District of N.J. in Malibu Media LLC v. John Does 1-11 Case No. 2:12-cv-07726-KM-MAH Doc. 15 (Dist. NJ April 11, 2013) denied plaintiffs motion to quash and request to sever defendants for improper joinder for many of the reasons contained in this response. At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. Nevertheless, The Mulders have filed a frivolous motion which cites no legal authority and reveals their identity and address which totally defeats the purpose of filing a motion to quash, therefore the movants motion to quash should be denied on it's face.

---

[2] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

2

Plaintiffs Response to Motion to Quash                                                    Frontier Law Group, PLLC
                                                                                          1001 4th Ave, Suite 3200
                                                                                          Seattle, WA 98154

## II.     THIS COURT SHOULD NOT QUASH THE SUBPOENA

This Court should not quash the subpoena because Plaintiff's need for the information to pursue its copyright infringement claim outweighs any privacy interest Defendant may have. *See* Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383, *8 (E.D. Pa. July 30, 2012) ("An internet user engaging in peer to peer file sharing has a minimum expectation of privacy.")  In Malibu, the Court noted that opening one's computer to the world, particularly for the purposes of copyright infringement, does not provide a Defendant with a significant privacy interest.  "One court aptly summarized this sentiment by stating that, 'it is hard to understand just what privacy expectation he or she has after essentially opening up the computer to the world.' This expectation is even lower where the alleged transmissions include copyright protected works."  Id.  Further, in the 9th Circuit, an IP address, and even the "to/from" fields for email, do not carry an expectation of privacy as these are akin to the address on a public package.  United States v. Forrester, 495 F.3d 1041, 1049 (9th Cir., 2007) *citing* Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, (1979).  This Court granted Plaintiff limited discovery to serve a subpoena on Defendant's ISP because Plaintiff has no other way to identify the Defendants and proceed with its copyright infringement case against them. Plaintiff has requested only the identifying information of the Doe's from their ISP.  In the 9th Circuit, a party generally lacks standing to quash a subpoena issued to a non-party unless the party has a claim of privilege attached to the information sought or there in an implication to a protected privacy interest.  Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010).  There is no such privilege present in the instant case and Movants argument that they have standing cites no legal authority.

Individuals using the Mulders's IP addresses illegally downloaded Plaintiff's copyrighted work. Even assuming it was not the actual owner of the ISP account, under the broad discovery

provided by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used his or her internet service. "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, The Plaintiff is of the opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with claims against them." Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

If the Court were to quash the subpoena, copyright holders would be unable to bring actions for copyright infringement on the Internet. The Supreme Court has held file sharing of copyrighted works is infringement. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. 545 U.S. 913, 125 S.Ct. 2764 (2005). Two circuit courts opined that Rule 45 subpoenas may be used to identify online copyright infringers. See In re Charter Communications, Inc. Subpoena Enforcement Matter, 393 F.3d 771, 774 (8th Cir. 2005); Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010). The Register of Copyrights testified before Congress that entertainment companies have the right to sue for peer to peer infringement and they should not apologize for doing so.[3] Courts unanimously hold that Plaintiff's First Amendment right under the Petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer. See e.g., Sony Music Entertainment, inc. v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).

---

[3] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

4

The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet was used to commit the infringement.  With out this ability, copyright owners would have a right without a remedy.  Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury."  Marbury v. Madison, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

### A.  The Subpoena Does Not Impose an Undue Burden

The Movants argument that a subpoena served upon the ISP should be quashed because "they didn't do it" is misguided.  All Doe's in this case are linked to IP addresses associated with residents of the Western District of Washington and are associated with an IP addresses traced to Western Washington cities (See **Exhibit A** filed with Complaint) and it has been noted that a "Doe defendant lacks standing to quash a subpoena on the ground of undue burden when the subpoena is directed to the ISP rather than to him." Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 36 (D.D.C. 2011).  Therefore, the actual factual arguments of Movant fail on their face as in this case the Subpoena's were directed at ISP's and the movants have no standing to quash.

In order to establish good cause to demonstrate an undue burden, "the party moving to quash a subpoena bears the burden of persuasion." Webster v. Northwest Cancer Specialists, P.C. (D. Or., 2012), citing Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005).  Further, Defendant must provide "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Silva v. Fortis Benefits Ins. Co., 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006).  Indeed, the Movants in this case have already caused his or her IP address to be broadcast repeatedly in communications and requests for data.  Movant has designated through their ISP

5

where the deliveries of requested data are to be made. "[T]here is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *Courtright v. Madigan*, 2009 WL 3713654 at *2 (S.D. Ill. November 4, 2009). As such, there is no basis for Movant's Motion to Quash as there is neither privilege,

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: April 22, 2013

Respectfully submitted,
FRONTIER LAW GROUP, PLLC

By: /s/ *Richard J. Symmes*
Richard J. Symmes, Esq. WSBA #41475
1001 4th Ave, #3200
Seattle, WA 98154
Tel: (206) 682-7975
Fax: (206) 424-4691
Email: Richard@symmeslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF electronic filing and mailed a copy of the attached motion to:

Jerry and Wendy Mulder
5601 219th Pl SW
Mountlake Terrace, WA 98043

/s/ *Richard J. Symmes*
Richard J. Symmes, Esq. WSBA #41475
Attorney for Plaintiff